KYOZO YOSHIMI AND SYBIL YOSHIMI, TRADING AS YOSHIMI & COMPANY, APPELLEE, v. UNITED STATES EXPRESS COMPANY, APPELLANT.

Argued February 17, 1909—Decided June 7, 1909.

1. The mere declaration of a person that he is agent for a party to a suit is not evidential against such party.
2. The admissions of an agent bind a principal only when within the scope of the agency or when they are authorized by the principal.

On appeal from the District Court of Atlantic City.

Before Justices GARRISON, BERGEN and VOORHEES.

For the appellee, *Thompson & Cole.*

For the appellant, *Perry & Stokes.*

The opinion of the court was delivered by

VOORHEES, J.    This is an appeal from the District Court of Atlantic City.    The plaintiffs brought suit for the value of four pieces of ivory goods alleged to have been delivered, packed in a box by the plaintiffs, to the defendant for transportation to one Insull, at Chicago.    It was in proof that these ivories were sold at auction by the plaintiffs to Insull, and $5 paid on account and thereafter the balance due for them was paid by check.    The shipment was to be made by the plaintiffs; that the plaintiffs personally packed them in separate boxes and took them down to the packer, laid them on his wrapping table and stood there until he had secured a large box to pack them in and saw him pack two of the smaller boxes containing the ivories in the larger box, and then came upstairs.    The packer was Duke Albertson, and he died about three weeks before the trial.    One of the plaintiffs testified on cross-examination that when she left Albertson he had two figures in the box and two figures outside of the box and that she knew nothing of them after she saw them downstairs.    The box was delivered to one of the drivers of the express company, who called at the plaintiffs' place for it and gave a receipt dated February 22d, 1907, for one box said to contain glass, valued at $176, marked S. Insull, 23 Lake Shore Drive, Chicago.

It was alleged in the state of demand that the plaintiffs delivered to the defendant the box in question and that through the negligence and carelessness of the defendant the goods were mislaid, lost or stolen, and were never delivered to the consignee.    There was testimony also that the servant of the defendant who called for the box had roped the box and tied

it and sealed the ends so that no one could open it. It appeared that the box had been returned to Atlantic City by the defendant after complaint had been made that it was not delivered. The lid was then off, the cords had been cut and there was nothing in it but hay and straw. When it was shipped from Atlantic City it weighed fifteen pounds and when it came back it weighed fourteen and three-quarter pounds. The ivory goods weighed about three pounds.

The non-delivery of the parcel was attempted to be proved by a conversation which one of the plaintiffs had with Mr. Edelman, who was the local agent at Atlantic City of the express company. One of the plaintiffs after testifying that Edelman told her that he was the manager of the defendant at Atlantic City and that the clerk in the office had told her so also, stated that this manager had admitted to her that the box was empty with the exception of the straw when it reached its destination, and that with the exception of the cords being cut, it had not been tampered with at all so far as he knew. On cross-examination this plaintiff testified:

"*Q.* Do you know whether the package was ever delivered to the consignee?

"*A.* I wasn't there and don't know that it was.

"*Q.* Do you know?

"*A.* I had letters from her that she had received the box and that it was empty with the exception of the straw.

"*Q.* She had received it?

"*A.* Yes.

"*Q.* You had letters from her?

"*A.* Yes."

She also stated that Edelman told her that there could not have been anything in the box when it left Atlantic City and that all he knew about the delivery of the box was what he had heard.

At the close of the plaintiffs' testimony a motion was made to nonsuit on four grounds—(*a*) because there was no delivery of the goods to the defendant; (*b*) because there was no proof showing non-delivery of the goods; (*c*) because the plaintiffs had no right of property in the goods and hence were

not the proper party to sue, and (d) because the sale at auction passed the title absolutely from the plaintiffs.

Assuming that there was proof of sufficient facts and circumstances to justify the conclusion that the goods were packed in the box when delivered to the common carrier, and assuming that there was proof of facts from which the jury might conclude that the contract of sale included the shipment of the goods by express to the purchaser and that the plaintiffs had a standing to sue for the loss of the goods, there still was no legal proof that the goods were not delivered to the consignee. The mere fact that the person in charge of the express office of the defendant company at Atlantic City was called the agent or manager, could not make him the agent of the company for all purposes. Nor was his declaration that he was such agent evidential against the defendant. It was not proved that the scope of his agency extended to anything that occurred at the Chicago office; hence his declaration or admissions concerning the transaction in Chicago could not be admitted as against the defendant. The admissions of an agent bind a principal only when within the scope of the agency, or when they are authorized by the principal. *Runk* v. *Ten Eyck*, 4 *Zab.* 756. See also *Hill* v. *Adams Express Co.*, 45 *Vroom* 338; *Huebner* v. *Erie Railroad Co.*, 40 *Id.* 327.

Furthermore, the plaintiffs admitted that the package had been delivered to the consignee and that upon opening it it was found by the consignee to contain nothing but straw. The contention that because these matters were brought out on cross-examination they, as well as the agent's admissions, have become legal evidence against the company, is without force. That the box was delivered to the consignee by the defendant is an admission of the plaintiffs against interest and as such is binding upon them; but the testimony that the consignee had informed the plaintiffs that the box when delivered to the consignee was empty, is mere hearsay. To admit it would put the mere statement of the consignee on a par with testimony given under oath.

For these reasons the judgment will be reversed.